UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Chapter 11

THE PALMS OF TREASURE  Case No. 8:08-bk-20354-MGW
ISLAND, LLC,

          Debtor.
_____/

**DEBTOR'S EMERGENCY MOTION FOR AUTHORITY
TO OBTAIN POST-PETITION FINANCING, TO GRANT FURTHER
ADVANCES AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS**

The Debtor, The Palms of Treasure Island, LLC, (the "**Debtor**"), by and through its undersigned attorneys, and pursuant to 11 U.S.C. § 364(c) and (d) and Rule 4001(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), hereby moves this court for the entry of interim and final orders:

    A.    Authorizing the Debtor to borrow on a future advance provision of the first mortgage of Mike Smith Realty, LLC ("**Smith Realty**") the maximum amount of One Hundred Thousand Dollars ($100,000), with interest at eight percent (8%) (the "**Future Advance**");

    B.    Authorizing the Debtor to execute definitive loan documents, when finalized, which shall be consistent with this Motion (the "**Future Advance Documents**")[1];

---

[1] The Debtor and Smith Realty contemplate the preparation of loan documents and a security agreement prior to the final hearing on this Motion. The Debtor requests that the interim order provide for priority and security for advances made by Smith Realty prior to the completion of the Future Advance.

C. Authorizing the Debtor, under Section 364 of the Bankruptcy Code, to obtain post-petition financing and incur post-petition indebtedness under the Future Advance, which financing and indebtedness due and owing thereunder by the Debtor to Smith Realty shall be secured as a further advance under the first mortgage;

D. Granting Smith Realty a superpriority administrative expense claim pursuant to 11 U.S.C. §364(c) subject to possible priming by additional financing in an amount not to exceed $100,000 and subject to carve-outs as set forth hereafter; and

E. Granting the Debtor such other and further relief as the Court deems necessary, appropriate, equitable, proper, and consistent.

In support of this motion (the "**Motion**"), the Debtor would show:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought in the Motion include 11 U.S.C. §364(c) and (d) and Bankruptcy Rule 4001(c). No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

### Background

2. On December 19, 2008, (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is operating its business and managing its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Debtor was the owner and developer of a thirty-six (36) unit condominium project located in Treasure Island, Florida. The project was completed in mid-2007. Debtor sold thirteen (13) of the units to third party purchasers and remains the owner of the remaining twenty three (23) units ("**Property**"). Debtor ceased operation of the project for rental purposes approximately August, 2008.

### Pre-Petition Debt Structure

4. The Debtor obtained its construction funds by first mortgage of Regions Bank (the "**Regions Note**"), which mortgage contained a further advance provision up to $6,790,000. Ron Roseman, the Manager of the Debtor, became aware that John Lum and Aram Guluzian (former active managers of the Debtor) had mismanaged the projects during construction, misrepresented the intended use of the funds from Regions Bank, had taken a second mortgage (the "**Cowboy Pals Mortgage**"), and misappropriated funds. The Debtor purchased the judgment of Superior Construction Greenville, LLC (the "**Superior Judgment**") to avoid imminent foreclosure. The Regions Note carried a maturity date of January 31, 2008. As a result, the Debtor was unable to keep current on both the Regions Note and the Cowboy Pals Mortgage and was faced with foreclosure actions from both secured lenders. To avoid the foreclosures, Smith Realty obtained an assignment of each mortgage. Smith Realty is a Florida corporation owned by Ron Roseman.

5. As a result, Smith Realty, by acquisition of the Regions Bank Note, holds a secured claim in the approximate principal amount of $4 Million, which is secured by a first position on the Property. Additionally, Smith Realty, by acquisition of the Cowboy

Pals Mortgage, holds a secured position in the approximate amount of $1.2 Million, which is secured by a second position on the Property.

6. In addition, the following parties may claim a secured interest in the Collateral by virtue of recorded final judgments or claims of lien (the "**Potential Secured Claimants**"):

| | | |
|---|---|---|
| (a) | A&D Stone | $13,988.00, recorded claim of lien |
| (b) | Britannia Construction | $142,000.00, recorded judgment |
| (c) | Celebrity Carpets | $70,000.00, recorded claim of lien |
| (d) | Ferro & Mathey | $74,142.24, recorded judgment |
| (e) | Keener, Keener & Jensen | $60,000.00, recorded judgment |
| (f) | Labor Finders | $6,309.00, recorded claim of lien |
| (g) | John W. Landkammer | $14,902.42, recorded claims of lien |
| (h) | Mike Smith Realty, LLC | $823,701.24, Superior Judgment |
| (i) | Robert Smith | $70,000.00, lis pendens |

## Identity of the Proposed Lender

7. The proposed lender, Smith Realty, is an affiliate of the Debtor by virtue of common ownership. Smith Realty is also a secured and possible unsecured creditor of the Debtor.

## Need for and Uses of Future Advance

8. The Property consists of 23 completed condominiums, all of which are available for sale. The proceeds from any sales of condominiums constitute cash

collateral of Smith Realty or any Potential Secured Claimants. The Debtor has filed a motion seeking to value the Property.

9. The Debtor has no regular income to pay expenses related to on-going operations in light of the current economic difficulties. These expenses include monthly fees to the Palms of Treasure Island Condominium Association, Inc. (the "**Association**") totaling approximately $7,000 and to pay the costs of an appraisal of the Property. Smith Realty has agreed to make funds available to the Debtor to provide cash flow pending anticipated sale of the Property.

10. If the Debtor is unable to obtain financing, it will not be able to continue its monthly obligations to the Association for maintenance of its remaining 23 units. The cessation of monthly payments would have a material adverse effect on the value of the Debtor's assets. It is in the best interest of all parties that the Debtor continue to pay its monthly obligations. In addition, it is anticipated that the appraiser of the Property will request a retainer in the approximate amount of $5,000.00.

## **Terms of the Future Advance**

11. The principal provisions governing the Future Advance are set forth as follows:

(a) <u>Amount of Future Advance</u>: Advances shall not exceed $9,000.00 per month with the aggregate of the Future Advance, at any time, not to exceed One Hundred Thousand Dollars ($100,000) plus interest at eight percent (8%), fees and other charges payable as provided in the Future Advance Documents. All funding will be at the discretion of the Debtor as is necessary to avoid immediate and irreparable harm to

5

the Debtor and the Association. Smith Realty is not obligated, nor does it have the responsibility to monitor the Debtor's use of the Future Advance, and may rely upon the Debtor's representation that the amount requested at any time, and the use of proceeds, are in accordance with the Future Advance Documents and Bankruptcy Rule 4001(c)(2). Proceeds of the Future Advance shall be advanced by Smith Realty to the Debtor upon the entry of an interim or final order granting this Motion consistent with the terms of the Future Advance Documents.

(b) <u>Interest Rate</u>: The non-default rate of interest for the Future Advance shall be at eight percent (8%).

(c) <u>Documents</u>: The Future Advance Documents shall consist of a future advance under the first mortgage, together with any other documents reasonably requested by Smith Realty, including without limitation, the execution of a future advance document. The Debtor will be required to pay all filing and recording fees, in each case as may be necessary or, in the opinion of Smith Realty, desirable to give effect to any of the terms and conditions of the future advance, to validate the perfection of the future advance or as otherwise required by Smith Realty.

(d) <u>Liens</u>: The Debtor's obligation to repay Smith Realty under the terms of the Future Advance shall be accorded the status of a future advance to the first mortgage.

(e) <u>Administrative Claims</u>: The Debtor's obligations to repay Smith Realty under the terms of the Future Advance shall be accorded superpriority

administrative expense status pursuant to Section 364(c)(1) (the "**Superpriority Claim**") of the Bankruptcy Code.

      (f)    <u>Repayments</u>:   The Future Advances are due and payable upon confirmation or upon the sale of the Property, whichever occurs first.

      (g)    <u>Term and Termination</u>:  The Termination Date for the Future Advance shall be thirty (30) days from the date of the entry of the final order confirming the Debtor's plan of reorganization (the "**Maturity Date**"), unless terminated earlier pursuant to the occurrence of an Event of Default (as defined below) or renewed at the option of Smith Realty

      (h)    <u>Carve-Outs:</u>  The Liens and Superpriority Claim of Smith Realty is subordinate to the payment of (i) prepetition professional expenses and postpetiton professional expenses as approved by the Court; (ii) fees required to be paid to the Clerk of the Court; and (iii) quarterly fees required to be paid to the United States Trustee.

      (i)    <u>Events of Default</u>: The Future Advance Documents include the following events of default:

    i.    Debtor defaults in the performance of any covenant, condition, or requirement of the Future Advance Documents;

    ii.    Debtor fails to comply with any of the provisions of any orders of the Court approving the Future Advance;

    iii.    a trustee is appointed in the Chapter 11 Case, or an examiner is appointed with enlarged powers (powers beyond those set forth in section 1106(a)(3); and (4) of the Bankruptcy Code;

    iv.    the Chapter 11 Case is dismissed or converted to a case under Chapter 7 or a motion for any such dismissal or conversion is filed; or

> v. the Court enters an order granting to any person other than Smith Realty relief from the automatic stay to foreclose a lien with respect to any property of the Debtor that has an aggregate book value in excess of $5,000.00.

**Relief Requested**

12. The Debtor hereby requests authority, pursuant to Section 364(c)(1), (c)(2), (c)(3) of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, to obtain post-petition loans, advances and other financial accommodations from the Lender in the amount up to $100,000, secured as set forth above.

13. As additional assurance that the Future Advance will be repaid, Smith Realty will be granted and allowed a Superpriority Administrative Claim in accordance with Section 364(c)(1) of the Bankruptcy Code, having priority and right of payment as set forth above pursuant to Section 105, 326, 328, 330, 331, 503(b), 506(c), 507(d) and 726(b) of the Bankruptcy Code.

14. The Debtor believes that the financing described herein is in their best interest and the best interest of their creditors. The Debtor's access to the financing described herein will allow the Debtor to continue to pay its monthly obligations.

15. The Debtor is presently unable to obtain financing from other sources in the ordinary course of business or otherwise:

   (a) Pursuant to Sections 364(a) or 364(b) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense;

   (b) Pursuant to Section 364(c)(1) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) with priority over any or all

administrative expenses of the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code; or

       (c)     Credit on any basis other than that described in this Motion.

16.     The Debtor is unable to obtain financing on terms as favorable as those offered by Smith Realty.

17.     After considering all of the alternatives, the Debtor has concluded, in the exercise of its business judgment, that the financing to be provided under the terms of this Motion represents the best financing available to the Debtor and is in the best interest of the Debtor, its creditors and other parties in interest.

18.     Good cause has been shown for the entry of an order granting this Motion pursuant to Bankruptcy Rule 4001(c)(2). In particular, entry of the order is in the best interest of the Debtor and its business and its ability to continue to pay its monthly obligations.

19.     Smith Realty and the Debtor have negotiated the terms and conditions of the Future Advance in good faith and have measured the terms of this Future Advance against arm's-length transactions in other cases, and the terms and conditions of the Future Advance Documents are fair and reasonable, are supported by reasonably equivalent value, are below-market as to interest rate, and are generally more favorable than other financing available in the marketplace. The Debtor requests that this Court find that any credit extended by Smith Realty pursuant to the terms of the Future Advance Documents will have been extended in "good faith" (as that term is used in Section 364(e) of the Bankruptcy Code).

WHEREFORE, the Debtor respectfully requests that this Court enter a final order (a) granting this Motion; (b) authorizing the Debtor to borrow $100,000.00 as set forth herein; and (c) providing such other and further relief as is just and proper.

DATED: February 3, 2009.

/s/ Don M. Stichter
Don M. Stichter
Florida Bar No. 078280
STICHTER, RIEDEL, BLAIN
  & PROSSER, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
(813) 229-0144
(813) 229-1811 (facsimile)
ATTORNEYS FOR DEBTOR
dstichter@srbp.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **Debtor's Emergency Motion for Authority to Obtain Post-Petition Financing, to Grant Further Advances and Superpriority Administrative Expense Status** has been furnished either electronically via this Court's CM/ECF system or by U.S. Mail to **Office of the U.S. Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602 and to the **L.B.R. 1007-2 Parties in Interest List**, on February 3, 2009.

/s/ Don M. Stichter
Don M. Stichter

```
Label Matrix for local noticing          Besmona Arhitectural                    Britannia Construction and
113A-8                                   1517 Citrus Orchard Way                 Property Management
Case 8:08-bk-20354-MGW                   Port Charlotte, FL 33954                7942 3rd Avenue South
Middle District of Florida                                                       Saint Petersburg, FL 33707-1028
Tampa
Mon Feb  2 18:11:26 EST 2009

CQ Insulation                            Celebrity Carpets dba NAFFCO            Celebrity Carpets dba NAFFCO
8806 Venture Cove                        Attn: Barbara A. Crocker, Agent         c/o Eric J. Partlow
Valrico, FL 33594                        1510 South MacDill Avenue               401 E. Jackson Street
                                         Tampa, FL 33629-5214                    Suite 2700
                                                                                 Tampa, FL 33602-5841


D&Y Seemless Gutters                     FC Fire Protection                      Famous Tate
P.O. Box 342773                          160 Adelaide Street                     8317 Armenia Avenue
Tampa, FL 33694-2773                     London                                  Tampa, FL 33604-2796
                                         ON N5Z3L1


Fenceworks, Inc.                         Gator Gypsum, Inc.                      JA Corsson
8945 Airway Boulevard                    P.O. Box 76125                          31550 CR 437
New Port Richey, FL 34654-5101           Tampa, FL 33675-1125                    Sorrento, FL 32776-9380


John H. Rains, PA                        John W. Landkammer                      Keener, Keener & Jensen
501 East Kennedy Boulevard               P.O. Box 172727                         c/o Joseph E. Gayton
Suite 750                                Tampa, FL 33672-0727                    116 - 107th Avenue
Tampa, FL 33602-5257                                                             Saint Petersburg, FL 33706-4716


McMullen Roofing                         Midway Glass                            Mike Smith Realty, LLC
1091 Kapp Drive                          1417 South Missouri Avenue              19728 Morden Blush Drive
Clearwater, FL 33765-2112                Clearwater, FL 33756-2248               Lutz, FL 33558-9088


Montecki & Associates                    Palms of Treasure Island                Robert Smith
2531 Central Avenue                      Condominium Association, Inc.           c/o Denis A Cohrs, Esquire
Saint Petersburg, FL 33713-8721          c/o Total Realty Services               1901 Ulmerton Rd Suite 425
                                         13030 Gulf Blvd.                        Clearwater, FL 33762-2300
                                         Madeira Beach, FL 33708-2639


Robert Smith                             Rudy's Rentals                          Sea Cay Construction
c/o Denis A. Cohrs, Esq.                 5867 54th Avenue                        4830 Higel Avenue
2575 Ulmerton Road                       Saint Petersburg, FL 33709-1999         Sarasota, FL 34242-1403
Suite 210
Clearwater, FL 33762-2253

End of Label Matrix
Mailable recipients     23
Bypassed recipients      0
Total                   23
```