UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Chapter 11

PALMS OF TREASURE  Case No. 8:08-bk-20354-MGW
ISLAND, LLC,

    Debtor.
_____/

### ORDER AUTHORIZING SALE OF PROPERTY
### FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

THIS CASE came on for an auction sale in the Courtroom on January 6, 2010. The auction sale had been authorized by this Court's December 21, 2009 *Order Granting Debtor's Motion to Establish Bid Procedures and for Approval of Sale of Real Property Free and Clear of all Liens, Claims and Interests* (doc. no. 196) (the "Bid Procedures Order"). In the Bid Procedures Order, the Court authorized the Debtor to sell 23 condominium units more fully described on the attached Exhibit "A" (hereafter the "Property") free and clear of all claims, liens and encumbrances. Present at the auction sale were Don M. Stichter as counsel for the Debtor, Mark J. Bernet as Counsel for secured creditor Mike Smith Realty, LLC ("Mike Smith Realty"), Benjamin E. Lambers on behalf of the United States Trustee, and John Landkammer on behalf of the Palms of Treasure Island Condominium Association, Inc. (the "Association").

The initial bid for the property was $81,000 (the "Bid Price"), by Mike Smith Realty. The Bid Price is constructed as follows: $1,000 is a credit bid authorized under Section 363(k) of the Bankruptcy Code, as specifically authorized in the Bid Procedures Order; the remaining $80,000 is to be paid in cash. Mike Smith Realty also announced that it wished for the Property to remain subject to the Declaration of Condominium recorded May 23, 2007, at O.R. Book

15805, page 683, of the Public Records of Pinellas County, Florida (the "Declaration of Condominium") but NOT subject to any liens for unpaid assessments accruing in favor of the Association prior to January 6, 2010. There were no other bids, and Mike Smith Realty accordingly was the successful bidder with the highest and best bid presented.

Based upon the entire record, the Court finds as follows:

A. The Debtor has advanced sound and sufficient business reasons, and it is a reasonable exercise of the Debtor's business judgment pursuant to Sections 363 and 365 of the Bankruptcy Code, to sell the Property to Mike Smith Realty. The sale is further justified by the representations and proffers offered in support thereof.

B. The Property is property of the Debtor's estate, and title thereto is vested in the Debtor's estate.

C. The Debtor has engaged in an extensive search and marketing process in compliance with the Bid Procedures Order. The Debtor has fully complied with the Bid Procedures Order.

D. The Debtor and Mike Smith Realty have acted in good faith in connection with the implementation of the Bid Procedures Order and the auction sale. Without limiting the foregoing, the auction was conducted in good faith, at arm's length, and not by any means forbidden by law. The Court specifically finds that Mike Smith Realty has acted in good faith for purposes of Section 363(m) of the Bankruptcy Code and is therefore entitled to the protection of those provisions.

E. The bidding and the purchase price was not controlled by any agreement among potential bidders, and, therefore, the sale of the Property is not subject to avoidance under Section 363(n) of the Bankruptcy Code.

F. The consideration offered by Mike Smith Realty for the purchase of the Property – namely the $1,000 credit bid plus $80,000 cash -- exceeds what the Debtor would be able to realize in a liquidation of the Property.

G. The Debtor has articulated good and sufficient business justifications for the sale of the Property, pursuant to Sections 363(b) and 363(f) of the Bankruptcy Code, upon the time schedule approved by the Court and outside of a plan of reorganization.

H. Mike Smith Realty would not have made the highest bid for the Property and would not consummate the transaction, thus adversely affecting the Debtor, its estate, and its creditors, if the sale of the Property to Mike Smith Realty were not free and clear of all encumbrances of any kind or nature whatsoever, or if Mike Smith Realty would, or in the future could, be liable for any of such encumbrances (save for the Declaration of Condominium).

I. The offer received at the auction sale constitutes the highest and best offer for the Property.

J. The sale of the Property to Mike Smith Realty constitutes a sale of property of the Debtor outside the ordinary course of business within the meaning of Section 363(b) of the Bankruptcy Code and is fair, reasonable, and in the best interests of the Debtor, its creditors, the estate, and parties in interest.

K. The requirements for a sale under Section 363(f) of the Bankruptcy Code have been satisfied and the Property may be sold under that subsection of the Bankruptcy Code.

L. Mike Smith Realty does not constitute a successor to the Debtor or its estate, and the transactions contemplated by the auction sale do not amount to a consolidation, merger, or *de facto* merger of Mike Smith Realty and the Debtor or its estate.

M. Mike Smith Realty is a third-party purchaser that has bid for the Property in a

good faith, arm's length manner.

N. Management of the Debtor has authorized the ~~slae~~ sale of the Property to Mike  Smith Realty as set forth herein.

O. No parties have objected to the auction or to Mike Smith Realty's successful bid for the Property. To the extent that any objection has not been withdrawn or specifically addressed by this Order, such objection is overruled by this Order.

P. The statutory predicates for the sale of the Property are Sections 105, 363, 1107, 1108, and 1146(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9006, and 9014.

Q. This Court has jurisdiction to authorize the auction sale of the Property pursuant to 28 U.S.C. §§157(b)(1) and 1334(b). Venue in this district is proper under 28 U.S.C. §§1408 and 1409. This proceeding is a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2)(A), (N) and (O).

The Court, having considered the record and argument of counsel, for the reasons announced on the record in open court, which shall constitute the findings of this Court, finds that the relief requested is necessary and appropriate and in the best interest of the Debtor, its creditors, and the estate, and that the sale of the Property to Mike Smith Realty should be authorized as set forth in this Order. Accordingly, it is

**ORDERED** that

1. The bid submitted by Mike Smith Realty is hereby APPROVED, and the Debtor is hereby authorized and instructed to sell, transfer, assign, and deliver the Property (subject to the Declaration of Condominium but free and clear of all other liens, claims and encumbrances that exist as of January 6, 2010) to Mike Smith Realty, or its assignee, as set forth

herein, conditioned upon receipt of payment of the Bid Price.

2. Every objection to the entry of this Order, to the extent not resolved or withdrawn, is hereby overruled.

3. The findings set forth above are ratified and adopted as findings of this Court and are incorporated in this Order. To the extent that any of the findings of fact set forth in this Order are deemed to be conclusions of law, then such findings are confirmed as conclusions of law, and vice versa.

4. The Bid Price submitted by Mike Smith Realty for the Property is the highest and best offer for the Property.

5. The execution, delivery, performance, and implementation of such papers, instruments, deeds and other documents as may be necessary to effectuate a closing of the sale of the Property to Mike Smith Realty is ratified, authorized, and approved in all respects.

6. The Debtor is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the transactions contemplated herein including, but not limited to, the sale of the Property as set forth herein, and (b) execute and deliver all documents and to perform, consummate, implement, and close fully the transactions contemplated herein, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the sale, conveyance, transfer and assignment of the Property.

7. Mike Smith Realty shall pay or deliver the cash portion of the Bid Price to the Debtor's attorney for deposit into a non-IOTA, interest-bearing escrow account on behalf of the Debtor (the "Escrow Account") maintained by the Debtor's bankruptcy counsel.

8. The claims and liens of all parties claiming any claim to or lien against the Property shall attach to the proceeds of the sale held in the Escrow Account in the same amount

and to the same extent, validity, and priority as presently exists with respect to the Property, but such funds shall be distributed by the Debtor in accordance with the provisions of its confirmed plan of reorganization.

9. If any person or entity that has filed a financing statement, mortgage, judgment, claim of lien, or other document or agreement evidencing a lien or encumbrance on or against the Property has not delivered to the Debtor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of encumbrances and any other documents necessary for the purpose of documenting the release of all encumbrances that the person or entity has with respect to the Property, then without further order of the Court Mike Smith Realty is authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Property.

10. The Debtor and Mike Smith Realty have acted in good faith, the terms and conditions of the proposed sale under the circumstances are fair and reasonable and have been negotiated and agreed upon in good faith on the part of the Debtor and Mike Smith Realty, and Mike Smith Realty, while an insider of the Debtor, is an arm's length purchaser that is purchasing the Property in good faith. The Bid Price constitutes reasonably equivalent and fair market value under the Bankruptcy Code and applicable nonbankruptcy law.

11. In the absence of a stay pending appeal, if Mike Smith Realty or its assignee closes on the sale of the Property at any time on or after the entry of this Order, then Mike Smith Realty shall be entitled to the protection of Section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal. The purchase by Mike Smith Realty is a purchase in good faith for fair value within the meaning of Section 363(m) of

the Bankruptcy Code and Mike Smith Realty is entitled to the protection of Section 363(m) of the Bankruptcy Code.

12. The sale, conveyance, transfer, and assignment of the Property approved by this Order is not subject to avoidance pursuant to Section 363(n) of the Bankruptcy Code.

13. On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Property and a deed transferring good and marketable title in the Property to Mike Smith Realty, or its assignee. Each and every federal, state, and local governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated hereon.

14. Pursuant to Section 1146(a) of the Bankruptcy Code, the transfer from the Debtor to Mike Smith Realty or its assignee of the Property and the making or delivery of an instrument or instruments of transfer, any or all of which include the sale, transfer, and conveyance of any real or personal property or any direct or indirect interest in property is deemed to be under and in contemplation or anticipation of the confirmation of a plan of reorganization and shall not be subject to any document recording tax, stamp tax, conveyance fee, intangible tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax, governmental assessment, or fee, including any applicable transfer taxes or fees and mortgage recording taxes or fees. All filing officers and their agents are directed to accept from the Debtor for recording and to record such documents and instruments that may be required to effectuate this Order, including without limitation any financing, security, mortgage, or similar documents as are customarily recorded in connection with commercial transactions, immediately upon presentation of such documents, unconditionally and without reservation, without the

presentation of any affidavits, instruments, or returns otherwise required for recording or filing and without the assessment or payment of any stamp tax, transfer tax, or similar tax imposed by any state or local law, and shall not require payment of such tax.

15. Any real estate, personal property, or other taxes related to the Property and accruing prior to January 6, 2010, shall be the responsibility of the Debtor, and shall not constitute any lien against the Property. Mike Smith Realty or its assignee shall take title to the Property subject to real estate, personal property, or other taxes (excluding income taxes) relating to the Property accruing on and after January 6, 2010.

16. Neither the Debtor nor Mike Smith Realty shall be liable for any brokerage commission or finder's fee with respect to the transactions contemplated herein, and no portion of the Purchase Price shall be disbursed for such expenses.

17. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated herein.

18. The notice given by the Debtor of the auction sale complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and the orders entered by this Court.

19. Any creditor, prospective purchaser or other party in interest that did not file and serve, on or before the deadline established by the Court or the auction sale, a written objection to the auction sale is conclusively deemed to have waived any objection it may have to the auction sale and the procedures established in connection therewith, or the sale of the Property to Mike Smith Realty or its assignee.

20. Mike Smith Realty and its assignee shall not be deemed to have acquired, assumed, or agreed to perform or pay any liability, claim, warranty, debt, or obligation of the

Debtor, including, without limitation any tax (including, without limitation, any tax, fine, or penalty relating to a tax or addition to tax, whether or not previously assessed, fixed, or audited) incurred but unpaid by the Debtor prior to January 6, 2010.  Mike Smith Realty and its assignee shall not be deemed (a) to be a successor or successor in interest to the Debtor by reason of any theory of law or equity and shall not have any successor or transferee liability of any kind or character, (b) to have merged, *de facto* or otherwise, with or into the Debtor, or (c) to be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor.

21. The terms and provisions of this Order shall be binding in all respects upon the Debtor and its affiliates and subsidiaries, its estate and all creditors, equity interest holders, and other parties in interest in the Debtor's Chapter 11 case (whether known or unknown), Mike Smith Realty and its assignee, all other parties in interest and the respective successors and assigns of each of the foregoing, and any subsequent trustees appointed in the Debtor's Chapter 11 case or upon a conversion to Chapter 7 under the Bankruptcy Code.

22. For good cause shown, this Order shall be effective and enforceable immediately upon entry and no automatic stay of execution shall apply to this Order notwithstanding Bankruptcy Rules 6004(g), 6006(d) and 7062, and Interim Bankruptcy Rule 6004(h).

23. The Debtor shall not be required to file the statement with the United States Trustee as described in Bankruptcy Rule 6004(f)(1).

24. The provisions of this Order are non-severable and mutually dependent.

25. This Court retains jurisdiction to interpret and enforce the provisions of this Order.

DONE AND ORDERED at Tampa, Florida, on February 05, 2010

Michael G. Williamson
United States Bankruptcy Judge

Copies to:

All parties in interest