UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Chapter 11

THE PALMS OF TREASURES ISLAND, LLC,  Case No. 8:08-bk-20354-MGW

      Debtor.
_____/

## ORDER ON CONFIRMATION OF DEBTOR'S AMENDED PLAN OF REORGANIZATION AND APPROVAL OF AMENDED DISCLOSURE STATEMENT

THIS CASE came on before the court on January 6, 2010, at 11:00 a.m. to consider confirmation of Debtor's Amended Plan of Reorganization (Doc. No. 173) (the "**Plan**") and Approval Debtor's Amended Disclosure Statement for Debtor's Amended Plan of Reorganization (Doc. No. 174) (the "**Disclosure Statement**").

The Plan is a liquidating plan pursuant to which the Debtor proposes to sell substantially all of its assets to Mike Smith Realty, Inc. ("**MRS**"), free and clear of all liens and encumbrances, except encumbrances, other than that certain Declaration of Condominium for Palms of Treasure Island, a Condominium recorded in Official Records Book 15805, Page 1683, *et seq.* of the Public Records of Pinellas County, Florida on May 23, 2007 (the "**Declaration**"). No objections to confirmation have been filed. Two rejections have been filed as to Class 8, Unsecured Creditors, with the result that the Debtors do not have acceptance of Class 8. Debtor relies on the cram-down provisions of Section 1129(b)(1) asserting that the Plan is filed in good faith, does not

unfairly discriminate, is in the best interest of creditors and does not violate the absolute priority rule. The Debtor filed its Confirmation Memorandum and Affidavit in Support of Confirmation on January 4, 2010 (Doc. No. 205).

Debtor was the owner and developer of a 36 unit condominium project located in Treasure Island, Florida, known as The Palms of Treasure Island. The Debtor sold thirteen (13) units to third-party purchasers, and maintained ownership of the remaining twenty-three (23) condominium units (the "**Property**").

MSR holds two mortgages on the Property: (i) the first mortgage in the amount of $5,251,373.70; and (ii) the second mortgage in the amount of $1,255,039.94.

The Debtor filed its Motion to Establish Bid Procedures and for Approval of Sale of Real Property Free and Clear of all Liens, Claims and Interests (Doc. No. 129) (the "**Sale Motion**") on June 15, 2009. The Court granted the Sale Motion by order dated December 21, 2009 (Doc. No. 196).

The Debtor's interest in the Property was sold on January 6, 2010, at an auction authorized by the Court to MSR as the highest bidder. The auction generated a sum less than the amounts owed on the first and second mortgage held by MSR. MSR will make the first $80,000 of its bid available to junior creditors.

The Court having considered the Plan and the Disclosure Statement, all prior pleadings and papers filed in the above-captioned case, the entire record and argument of counsel, makes the following findings:

    a.    Copies of the Plan and the Disclosure Statement, together with ballots, were mailed to all creditors and other parties in interest in

the above-captioned case. Timely notice of the hearing on confirmation of the Plan and the time for filing objections thereto was given to creditors and parties in interest pursuant to F.R.B.P. 2002.

b. The Plan complies with the applicable provisions of Title 11 of the United States Code.

c. The Debtor, as the proponent of the Plan, complies with the applicable provisions of Title 11 of the United States Code.

d. The Plan has been proposed in good faith and not by any means forbidden by law.

e. Any payment made or to be made by the Debtor, in its capacity as Debtor or as proponent of the Plan or by any person issuing securities or acquiring property under the Plan for services or for costs and expenses in or in connection with this case, or in connection with the Plan and incident to the case, has been disclosed to the Court, and has been approved by, or is the subject of the approval of, the Court as reasonable.

f. The Debtor has disclosed that the officers and directors of the Debtor and insiders will be retained post-confirmation only until the case is closed and the payment plan is completed.

g. No governmental regulatory commission has jurisdiction over any rates of the Debtor.

h. Each holder of a claim or interest will receive or retain under the Plan property of a value as of the Effective Date (as herein defined) of the Plan that is not les than the amount that such holder would receive or retain as if the Debtor were liquidated under Chapter 7 of Title 11 of the United States Code on such date.

i. Each class of claims or interest has accepted the Plan or is not impaired under the Plan, except Class 8, General Unsecured Claims, whose treatment complies with §1129(b)(1).

j. Except to the extent that the holder of a claim has agreed to a different treatment of such claim, the Plan provides that, with respect to a claim of the kind specified in 11 U.S.C. §507(a)(2), on the Effective Date of the Plan, the holder of such claim will receive on account of such claim, cash equal to the allowed amount of such claim.

k. At least one class of claims that is impaired under the Plan has accepted the Plan determined, that class not including any acceptance of the Plan by an insider.

l. With respect to all classes of unsecured claims under the Plan, the Plan provides that holders of all claims and interests junior to such classes of unsecured claims will not receive or retain property under the Plan on account of such junior claim or interest.

m. The Plan provides for payment of all fees payable under 28 U.S.C. §1930.

n. The Debtor has no retiree benefits payable pursuant to 11 U.S.C. §1114.

o. With respect to confirmation of the Plan, all other requirements of 11 U.S.C. §1129 have been met.

It is therefore –

**ORDERED** that:

1. The findings set forth above are ratified and are incorporated herein.

2. The amendments set forth herein are approved and incorporated into the Plan of Reorganization.

3. The Debtor's Plan of Reorganization filed on October 11, 2007, and as amended herein, is fully confirmed.

4. Debtor is authorized to take all steps necessary to effectuate the Plan.

5. The Effective Date shall be the first Business Day that is more than thirty (30) days from the date of this order.

6. This Court shall retain jurisdiction of this case to the extent set forth in the Plan. In addition to the matters stated in the Plan as to which jurisdiction is retained, this Court shall retain jurisdiction over claims, applications for allowance of pre-confirmation fees and expenses, and any issues that arise in connection with the implementation of the Plan.

7. The Debtor is hereby revested with title to all of its assets, except as specifically set forth in the Plan or in orders of this Court approving sales of real and personal property.

8. Except as otherwise provided in the Plan, as amended herein the Debtor is hereby discharged from any debt that arose prior to the date of confirmation.

9. Any transfer of property and the making and delivery of any instrument of transfer hereunder and the issuance of any security on conformity with or related to the Plan shall be exempt from stamp, transfer, and similar taxes pursuant to 11 U.S.C. §1145(c).

10. A Status Conference will be conducted on March 24, 2010, at 9:30 a.m.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida on February 10, 2010

MICHAEL G. WILLIAMSON
United States Bankruptcy Judge

Conformed copies to:

All creditors and parties in interest